UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Leon Walker,

    Plaintiff,

v.                                               Case No. 12-14865

The County Of Oakland, *et al.*                  Sean F. Cox
                                                           United States District Court Judge

    Defendants.
_____/

**OPINION & ORDER**

This matter is currently before the Court on Defendants' Motion to Dismiss, which was filed on November 27, 2012. Despite receiving extensions of time to file a response to the motion, Plaintiff has failed to respond to the merits of any of the challenges raised in Defendants' motion. The Court finds that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided without oral argument. For the reasons set forth below, the Court shall GRANT the motion and dismiss this action with prejudice.

**BACKGROUND**

Acting through Counsel, Plaintiff Leon Walker ("Walker") filed this action on November 1, 2012, on the basis of federal question jurisdiction. Walker asserts claims against the following Defendants: 1) Oakland County; 2) Phil Bertolini; 3) Gerald Poisson; 4) Kevin Bertram; 5) Ed Poisson; 6) John Hoppesch; 7) Leanne Robinson; 8) Lisa Delbridge; 9) the Oakland County Sheriff's Department; 10) Sergeant Joe Brian; 11) Detective Lieutenant Carol Liposky; and 12)

1

Angela Susella.

Plaintiff's Complaint asserts the following four counts: 1) "*Loudermill* Violation – 42 U.S.C. 1983 (as against Defendants County of Oakland, Bertolini, Gerald Poisson, Bertram, Ed Poisson)" (Count I); 2) "First Amendment Free Speech Retaliation – 42 U.S.C. 1983 (as against Defendants County of Oakland, Bertolini, Gerald Poisson, Bertram, Ed Poisson, John Hoppesch, Leanne Robinson and Lisa Delbridge)" (Count II); 3) "Malicious Prosecution (as against all Defendants)" (Count III); and "False Arrest and Imprisonment (as against Defendant Brian and The Oakland County Sheriff's Department)" (Count IV). As to each of the individual Defendants, Plaintiff has sued them in their official and personal capacity.

On November 27, 2012, Defendants filed the instant Motion to Dismiss. (Docket Entry No. 5).

On November 29, 2012, counsel for Plaintiff filed a motion seeking to withdraw as counsel for Plaintiff. (Docket Entry No. 9). The Court held a hearing on the Motion to Withdraw on December 20, 2012, at which time Plaintiff personally appeared and indicated that he did not oppose the Motion to Withdraw.

In an Order issued on December 20, 2012, this Court granted the Motion to Withdraw and ordered as follows:

> As stated on the record this date, IT IS ORDERED that the Motion to Withdraw is GRANTED and that Plaintiff shall have until **February 10, 2013**, to obtain new counsel in this matter. If Plaintiff does not obtain new counsel by February 10, 2013, the Court will construe Plaintiff as proceeding *pro se* in this matter.
> IT IS FURTHER ORDERED that the parties shall appear for a **Status Conference on February 11, 2013, at 3:00 p.m**. and that Plaintiff must personally appear for the Status Conference, along with any attorney he has retained to represent him in this matter.
> IT IS FURTHER ORDERED that, regardless of whether Plaintiff obtains

2

new counsel or elects to proceed *pro se* in this matter, Plaintiff's response to Defendants' pending Motion to Dismiss shall be filed no later than **April 11, 2013.**
           IT IS SO ORDERED.

(Docket Entry No. 13) (bolding in original).

On February 11, 2013, this Court held a Status Conference in this matter. At that Status Conference, Plaintiff indicated that he would be representing himself in this matter. Plaintiff also confirmed, on the record, that he understood that: 1) his response to Defendants' pending Motion to Dismiss must be filed no later than April 11, 2013; and 2) the hearing on Defendants' Motion to Dismiss is set for May 23, 2013, at 2:00 p.m.

On April 11, 2013, Plaintiff filed a motion seeking a thirty-day extension for filing his response to Defendants' Motion to Dismiss. This Court granted this request in an order issued on April 15, 2013 (Docket Entry No. 16), wherein this Court ordered that "Plaintiff shall file any response to Defendants' pending Motion to Dismiss no later than **May 10, 2013. IT IS FURTHER ORDERED that no additional extensions shall be granted**." (*Id.*) (emphasis in original).

On May 13, 2013, Plaintiff filed a "Response To Defendants' Motion To Dismiss" (Docket Entry No. 17), which states, in its entirety, as follows:

> Now comes Plaintiff, Pro Se, and in response to Defendant's Motion to Dismiss, Plaintiff state [sic] as follows;
>
> 1. Plaintiff denies Defendants' claim.
> 2. At the time of Defendants' filing of their Motion to Dismiss, Plaintiff was represented by the Gordon Law Firm. Defendant denies knowledge of concurrence being sought by Defendants.
>
> WHEREFORE, Plaintiff believes that the filed complaint has merit and clearly states Defendants' actions that allow relief under 42 U.S.C. 1983 asks that this Court deny the Defendants' motion to Dismiss while awarding any such relief as may be required.

> Plaintiff has made an exhaustive effort to retain legal counsel in this matter since allowing prior counsel to withdraw do [sic] to a political conflict, without success. With this continued effort, Plaintiff feels that he has been blackballed from obtaining counsel regionally, with or without contingency, and has made connection with an out-of-region firm to provide representation, a solution that is still in progress.  As a result, Plaintiff is unable to prepare a proper and timely response to Defendants' motion.  Plaintiff has tremendous concerns about the infringement on his civil liberties as a result of the circumstances.
> Plaintiff seeks injunctive relief from advancements in proceedings pending formal investigation into obstruction.

(Docket Entry No. 17).  Thus, Plaintiff has not responded to the merits of any of the challenges set forth in the pending motion.

**Standard of Decision**

When ruling on a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all the well-pleaded factual allegations as true.  *Evans-Marshall v. Board of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1948 (2009).  Although a heightened fact pleading of specifics is not required, the plaintiff must bring forth "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  That is, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged."  *Ashcroft*, 556 U.S. at 678.

Here, Defendants' Motion to Dismiss attaches a number of documents that are critical to a proper understanding of Plaintiff's claims.  When a court is presented with a Rule 12(b)(6) motion, it may consider exhibits attached to a defendant's motion to dismiss so long as they are

referred to in the complaint and are central to the claims therein. *Devlin v. Kalm*, __Fed. App'x __, 2013 WL 4265757 (6th Cir. 2013). This Court will therefore take into consideration documents such as disciplinary notices in evaluating Plaintiff's complaint.

## ANALYSIS

### I. Plaintiff's § 1983 Claims

Counts I and II of Plaintiff's Complaint assert claims under 42 U.S.C. § 1983. Defendants' motion asserts several challenges to those claims.

#### A. Plaintiff's § 1983 Claims Against Oakland County, And His Official Capacity Claims Against The Individual Defendants

"A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Accordingly, § 1983 claims against the individual Defendants in their official capacity are, in substance, claims against Oakland County itself.

Oakland County may be held liable for Plaintiff's alleged injuries only if those injuries were the result of an unconstitutional policy of custom of the county. *Matthews*, 35 F.3d at 1049 (citing *Monell v. Department of Soc. Svs.*, 436 U.S. 658 (1978)). Plaintiff's Complaint, however, does not allege that Oakland County has any customs, practices, or policies that are unconstitutional. As such, he cannot establish liability under *Monell*.

Accordingly, the Court shall dismiss Counts I and II against Oakland County. The Court shall also dismiss those same counts as to the official-capacity § 1983 claims asserted against the individual Defendants.

#### B. Plaintiff's Individual-Capacity § 1983 Claims

Plaintiff's Complaint asserts two different individual-capacity § 1983 claims against

5

Defendants.

### 1. *Loudermill* Violation Claim

In Count I, Plaintiff assert a "*Loudermill* violation" claim against Defendants Bertolini, Bertram, Gerald Poisson, and Ed Poisson. In that Count, Plaintiff alleges that:

106. Plaintiff was employed by Defendant government unit in the position of Customer Service Tech II.
107. Under the law of the State of Michigan, Plaintiff enjoyed a constitutionally protected property interest in continued employment.
108. On or about May 12, 2010, acting under color of law, Defendant County informed Plaintiff that he was receiving a three day suspension.
109. In or about March 2011, acting under color of law, Defendant County informed Plaintiff that he was being suspended with pay indefinitely.
110. Plaintiff was entitled to written notification and pre-termination notice per Defendant County's Merit Rules.
111. Before depriving Plaintiff of his constitutionally protected interest in continued employment, Defendant did not conduct a pre-suspension hearing or otherwise afford Plaintiff notice of the grounds of his suspensions or a meaningful opportunity to respond.

(Compl. at 13-14).

In seeking dismissal as to this Count, Defendants note that Plaintiff appears to assert that this claim has two parts: 1) that Plaintiff's constitutional rights were violated because he was not given a hearing prior to receiving a 3-day suspension in May of 2010; and 2) that his constitutional rights were violated because he was not given a hearing prior to being suspended with pay in March of 2011. Defendants contend that both parts of this claim fail.

First, Defendants contend that the first part of Plaintiff's claim (that he was not provided a hearing before his 3-day suspension) fails because Plaintiff's personnel records show that he was, in fact, given a hearing before his 3-day suspension and notice of the reason for the suspension. (*See* Exhibit 6 to Defs.' Br., Notice of Disciplinary Action, with attached narrative of reasons for suspension, that reduced suspension from five days to three days after hearing and

noted Plaintiff agrees he will not appeal decision, which was signed by Plaintiff.).

As to the second part of Plaintiff's claim, Defendants note that on March 25, 2011, Plaintiff was suspended *with pay* when criminal charges were brought against Plaintiff. Directing the Court to *Gilbert v. Homar*, 520 U.S. 924 (1997), Defendants note that there is no constitutional right to a hearing when an employee is suspended without pay after that employee was charged with a criminal offense. Defendants assert that, "[c]onsistent with *Gilbert*, Plaintiff could have been suspended without pay, but was not." (Defs. Br. at 11). Rather, after he was charged criminally, Plaintiff was suspended *with pay* and the suspension of an employee with pay avoid due process problems entirely. *Harris v. Detroit Public Schools*, 245 Fed. App'x 437, 443-44 (6th Cir. 2007).

Accordingly, Count I fails to state a claim and shall be dismissed.

### 2. Free Speech Retaliation Claim

In Count II, Plaintiff asserts a free speech retaliation claim against Defendants Bertolini, Bertram, Hoppesch, Robinson, Lisa Delbridge, Gerald Poisson, and Ed Poisson.

Plaintiff alleges that he was retaliated against for speaking on a matter of public concern, in violation of the First Amendment. "Such claims have three elements. A § 1983 plaintiff must plead factual allegations sufficient to establish that '(1) the plaintiff engaged in constitutionally protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person or ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct.'" *Handy-Clay v. City of Memphis*, 695 F.3d 531, 539 (6th Cir. 2012) (quoting *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 723 (6th Cir. 2010)).

The First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing a matter of public concern. *Garcelli v. Ceballos*, 547 U.S. 410, 417 (2006). There is a three-part test for evaluating whether a public employee's speech is constitutionally protected. *Handy-Clay*, 695 F.3d at 540. The plaintiff must show: 1) that his speech was made as a private citizen; 2) that his speech involved a matter of public concern; and 3) that his interest as a citizen in speaking on the matter outweighed the state's interest, as an employer, in promoting the efficiency of the public services it performs through its employees. *Id.*

Defendants contend that Plaintiff has not sufficiently alleged that he engaged in any speech that was a matter of public concern. The Court agrees.

"Whether or not a plaintiff's speech touches on a matter of public concern is a question of law." *Handy-Clay*, 695 F.3d at 543. Among other things, in making that determination the Court is to consider the content of the alleged speech. *Id*.

Here, Plaintiff's complaint alleges that on "April 16, 2010, Plaintiff engaged in constitutionally protected speech on a matter of public concern." (Compl. at ¶ 116). In evaluating the sufficiency of Plaintiff's complaint, however, the Court need not accept as true "a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555. Count II of Plaintiff's complaint simply makes this conclusory assertion without any supporting factual allegations as to the content of the alleged speech. Thus, the body of Count II contains no factual allegations regarding the content of the alleged speech.

Because Plaintiff did not respond to the merits of any of Defendants' challenges, he has not identified any factual allegations in his complaint as to his alleged speech on a matter of

8

public concern.

Defendants note that the general factual allegations in Plaintiff's complaint include an allegation that on April 16, 2010 Plaintiff's criminal attorney submitted a FOIA request. (Pl.'s Compl. at ¶ 75). They contend that allegation is insufficient to state a free speech retaliation claim against Plaintiff because a third party (ie., Plaintiff's criminal attorney) engaged in that conduct. They also contend that there are no facts alleged that could establish that the FOIA request involved a matter of public concern. The Court agrees.

Accordingly, the Court concludes that Plaintiff has not alleged a plausible free speech retaliation claim.

## II.     Plaintiff's State-Law Claims

Plaintiff's Complaint also contains two state-law claims: 1) malicious prosecution (Count III); and 2) false arrest and imprisonment (Count IV).

Plaintiff asserts his malicious prosecution claim against "all Defendants." (Compl. at 15). He asserts his false arrest and imprisonment claim against the Oakland County Sheriff's Department.

### A.     State-Law Claims Against The Oakland County Sheriff's Department

Defendants' motion asserts that all claims asserted against the Oakland County Sheriff's Department should be dismissed. (Defs.' Br. at 8).

The Court agrees that all claims asserted against the Oakland County Sheriff's Department shall be dismissed because that entity is not a legal entity that is subject to suit. *See Sumner v. Wayne County*, 94 F.Supp.2d 822, 827 (E.D. Mich. 2000) (a county's sheriff's department is not a legal entity subject to suit); *Bagwell v. Oakland County Sheriff's Office*, 2011

WL 3625065 at *2 (E.D. Mich. 2011) (same).

### B. Plaintiff's State-Law Claims Against Oakland County

Defendants' motion asserts that all state-law claims against Oakland County (Counts III & IV) should be dismissed pursuant to governmental immunity. The Court agrees.

Michigan's statute provides that: "Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." M.C.L. § 691.1407(1).

The following are exceptions to this governmental agency immunity: the failure to keep highways in reasonable repair, M.C.L. § 691.1402; the negligent operation of a government-owned motor vehicle by an employee of the agency, M.C.L. § 691.1405; dangerous or defective conditions in public buildings under the agency's control, M.C.L. § 691.1406; and the commission of an act while engaged in a proprietary function, M.C.L. § 691.1413. *See Vance v. City of Detroit*, 1995 WL 871232 at * 1 (E.D. Mich. 1995) (citing *Ross v. Consumers Power Co.*, 420 Mich. 567 (1983)). None of those exceptions apply in this case.

Accordingly, the remaining question is whether Defendant Oakland County was engaged in the exercise or discharge of a governmental function when it took the actions that form the basis of Plaintiff's state law claims against it.

Plaintiff alleges the following state law claims against Defendant Oakland County: common law malicious prosecution and false arrest and imprisonment. There "are few functions more clearly governmental in nature than the arrest, detention, and prosecution of persons suspected of having committed a crime and the decisions involved in determining which suspects should be prosecuted and which should be released." *Payton v. Detroit*, 211 Mich.App. 375, 392

(1995). Oakland County is therefore entitled to governmental immunity with respect to Plaintiff's state-law claims against it. *See Nouri v. County of Oakland*, 2013 WL 474522 (E.D. Mich. 2013). The Court shall dismiss Counts III and IV as to Defendant Oakland County.

### C.     Plaintiff's Malicious Prosecution Against Individual Defendants

To make out a case of malicious prosecution under Michigan law, the Plaintiff must establish that: 1) the Defendant initiated a criminal prosecution against him, 2) the criminal proceedings terminated in his favor; 3) the person who instituted or maintained the prosecution lacked probable cause for his actions; and 4) the action was undertaken with malice or a purpose in instituting the criminal claim other than bringing the offender to justice. *Alman v. Reed*, 703 F.3d 887, 902 (6th Cir. 2013).

Plaintiff's Complaint asserts a malicious prosecution claim against "all Defendants" and thus, presumably asserts this claim against all individual Defendants (ie., Phil Bertolini, Gerald Poisson, Kevin Bertram, Ed Poisson, John Hoppesch, Leanne Robinson, Lisa Delbridge, Joe Brian, Carol Liposky, and Angela Susella).

As Defendants note in their motion, while Plaintiff has sued a host of individual Defendants, Plaintiff's Complaint does not contain factual allegations as to how these individuals violated his rights or how they could be held liable for malicious prosecution. For example, Defendants note that the only factual allegation as to Ed Poisson is that he wrote a letter asking Plaintiff to come back to work (Compl. at ¶ 100) and the only factual allegation as to Gerald Poisson is that he was present at a meeting during which Plaintiff was suspended with pay (Compl. at ¶ 84).

The Court agrees that, given the lack of factual allegations as to each, Plaintiff's

Complaint fails to state a malicious prosecution claim against Defendants Bertolini, Bertram, Hoppesch, Delbridge, and both Gerald and Ed Poisson.

As to Defendants Robinson and Susella, Plaintiff's Complaint alleges that they testified at a hearing in a criminal case against Defendant and gave unspecified "false testimony." (Compl. at ¶ 95). It is well-established, however, that "witnesses are granted absolute immunity from suit for all testimony provided in judicial proceedings." *Spurlock v. Satterfield*, 167 F.3d 995-1001 (6th Cir. 1999). Such immunity applies "no matter how egregious or perjurious that testimony was alleged to have been." *Id.*

Finally, the Court also concludes that Plaintiff has failed to state a malicious prosecution claim against either Sergeant Brian or Detective Liposky, who both were alleged to have investigated complaints lodged against Plaintiff. "Michigan courts have held that 'the only situation in which an action for malicious prosecution would properly lie is where a police officer knowingly swears to false facts in a complaint, without which there is no probable cause.'" *Morningstar v. Worthy*, 454 Fed. Appx. 391, 405 (6th Cir. 2011). There are no such allegations here.

Accordingly, the Court shall dismiss Plaintiff's malicious prosecution claims against the individual Defendants.

**CONCLUSION & ORDER**

For the reasons set forth above, IT IS ORDERED that Defendants' Motion to Dismiss is

12

GRANTED and this action is DISMISSED WITH PREJUDICE.

    IT IS SO ORDERED.


Dated: September 17, 2013                         s/ Sean F. Cox
                                                      Sean F. Cox
                                                      U. S. District Court Judge


I hereby certify that on September 17, 2013, the foregoing document was served upon counsel of record by electronic means and upon Leon Walker by First Class Mail at the address below:

Leon Walker
1424 Deerhurst Lane
Rochester Hills, MI 48307


Dated: September 17, 2013                         s/ J. McCoy
                                                      Case Manager